MORRIS LAW GROUP
Rosa Solis-Rainey, Bar No. 7921
Email: rsr@morrislawgroup.com
Raleigh C. Thompson, Bar No. 11296
Email: rct@morrislawgroup.com
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, NV 89101
Telephone: (702) 474-9400
Facsimile: (702) 474-9422

Attorneys for Defendant
American Reliable Insurance Company

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT MORRIS, | Case No: |
| Plaintiff, | |
| v. | **NOTICE OF REMOVAL** |
| GREEN TREE SERVICING, LLC, a Delaware Limited Liability Company; AMERICAN RELIABLE INSURANCE COMPANY d/b/a ASSURANT, | |
| Defendants. | |

PLEASE TAKE NOTICE that American Reliable Insurance Company ("ARIC"), pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, removes the above-captioned case from the District Court in and for Clark County, Nevada, in which court this case was commenced, to the United States District Court for the District of Nevada. The grounds for removal are as follows:

I. **THE REMOVED CASE.**

1. Plaintiff filed this action against Defendant Green Tree Servicing, LLC ("Green Tree") and two co-defendants who have since been dismissed on or about March 27, 2013, in the District Court in and for Clark County, Nevada. The case is docketed as A-13-678665-C. Plaintiff filed the First Amended Complaint ("FAC") on October 23, 2014, adding ARIC as an additional defendant.

2. The FAC alleges the following twenty-one claims for relief against Green Tree individually or against Green Tree and ARIC jointly, including: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) intentional misrepresentation; (4) breach of fiduciary duty; (5) accord and satisfaction; (6) accounting of funds; (7) conversion; (8) civil conspiracy; (9) violation of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"); (10) & (11) violation of Nevada's racketeering statutes; (12) violation of the federal Truth in Lending Act ("TILA"); (13) violation of the federal Real Estate Settlement Procedures Act ("RESPA"); (14) violation of Nevada's Deceptive Trade Practices Act; (15) violation of Nevada's Unfair Lending Practices Act; (16) wrongful foreclosure; (17) violation of the federal Fair Debt Collection Practices Act ("FDCPA"); (18) violation of the federal Fair Credit Reporting Act ("FCRA"); (19) violation of Nevada's foreclosure process; (20) violation of Nevada's mortgage lenders statute; and (21) statutory damages for violations of the various aforementioned statutes.

3. This action is removable under 28 U.S.C. § 1441(b), in that it is a civil action arising under the Constitution, treaties or laws of the United States. This Court has original jurisdiction over this action under 28 U.S.C. § 1331.

4. Green Tree's counsel has consented to this removal.

## II. ARIC HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

5. As required by 28 U.S.C. § 1446(a), ARIC attaches copies of all process, pleadings, and orders served upon ARIC, including the summons and FAC as Exhibit A.

6. The FAC was served on ARIC on November 3, 2014. Therefore, this Notice of Removal is timely filed under 28 U.S.C § 1446(b) because it is filed within 30 days of receipt of the initial pleading.

7. The time for ARIC to answer, move, or otherwise plead has not yet expired.

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 108 and 1441(a), because the United States District Court for the District of Nevada is the federal judicial district embracing the District Court of Clark County, Nevada, where this action was originally filed.

9. Concurrent with the filing of this Notice, ARIC is serving this written Notice on Plaintiff's counsel and filing a copy of the Notice with the Clerk of the District Court of Clark County, Nevada, as required by 28 U.S.C. § 1446(d).

10. By filing a Notice of Removal in this matter, ARIC does not waive the right to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and ARIC specifically reserves the right to assert any defenses and/or objections to which it may be entitled

## III. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. §§ 1331 AND 1441.

### *Federal Question Jurisdiction*

11. Removal is proper under 28 U.S.C. § 1331 because Plaintiff's claims arise under the Constitution, laws, or treaties of the United States. This Court has original jurisdiction under 28 U.S.C. § 1331, and ARIC is entitled to remove to this Court pursuant to 28 U.S.C. § 1441(b), because

1  Plaintiff has brought federal law claims arising under RICO, 18 U.S.C. § 1961
2  *et seq.*; TILA, 15 U.S.C. § 1601 *et seq.*; RESPA, 12 U.S.C. § 2601 *et seq.*; the
3  FDCPA, 15 U.S.C. §1692 *et seq.*; and the FCRA, 15 U.S.C. § 1692 *et seq.*. *See*
4  *Cook Inlet Region, Inc. v. Rude*, 690 F.3d 1127, 1130 (9th Cir. 2012) ("The
5  general federal question jurisdiction statute, 28 U.S.C. § 1331, grants federal
6  district courts 'original jurisdiction of all civil actions arising under the
7  Constitution, laws, or treaties of the United States.'") Here, the Court has
8  federal-question jurisdiction because the Complaint, *on its face*, raises the
9  question of whether the ARIC and Green Tree's alleged conduct violated
10 several federal laws. *See Ultramar Am. Ltd. v. Dwelle*, 900 F.2d 1412, 1414 (9th
11 Cir. 1990) (stating that the existence of federal question jurisdiction is
12 ordinarily determined from the face of the complaint).

### ***Supplemental Jurisdiction***

14       12.     The Court has supplemental jurisdiction over Plaintiff's state-law
15 claims pursuant to 28 U.S.C. § 1367(a). Because all of Plaintiff's state-law
16 claims arise from the same LPI placement as the federal claims, the Court
17 has supplemental jurisdiction over all state-law claims. *See Gilder v. PGA*
18 *Tour, Inc.*, 936 F.2d 417, 421 (9th Cir. 1991) (jurisdiction over state claims
19 exists when the federal claim is sufficiently substantial to confer
20 federal jurisdiction, and there is "a common nucleus of operative fact
21 between the state and federal claims"); *Hart v. Bank of Am. NA*, No. 12-56434,
22 2014 WL 2979236, at *1 (9th Cir. 2014) (plaintiffs' FDCPA claim gave the
23 court federal jurisdiction over the entire action, including state-law claims
24 arising out of the same loan transaction and foreclosure proceedings). *See*
25 *also Emrich*, 846 F.2d at 1196 (noting that a plaintiff is the master of his
26 complaint and should not assert a parallel federal right if he desires to
27 remain in state court). The claims over which the Court may exercise
28 supplemental jurisdiction thus arise from the same nucleus of operative

4

facts as the claims over which the Court may exercise federal-question jurisdiction.

13. Moreover, a state-law claim is deemed as one arising under the law of the United States where such state-law claim "implicate[s] significant federal issues." *Grable & Sons Metal Prod. v. Darue Engineering & Mfg.*, 545 U.S. 308, 312 (2005); *see also Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (a case arises under federal law "where the vindication of a right under state-law necessarily turn[s] on some construction of federal law"). Here, Plaintiff brings several state-law counterparts to his federal claims; as a result, those state-law claims necessarily turn on the construction and application of federal law. For example, the Nevada Supreme Court has said that "Nevada's anti-racketeering statutes . . . are patterned after the federal [RICO] statutes." *Hale v. Burkhardt*, 764 P.2d 866, 867 (Nev. 1988). Further, the Court has held that certain aspects of federal RICO law are relevant to the interpretation of Nevada's RICO statutes. *See, e.g., Allum v. Valley Bank of Nevada*, 849 P.2d 297, 301 (Nev.), *cert. denied*, 510 U.S. 857 (1993) (applying federal RICO causation analysis).

## IV. CONCLUSION

14. For the reasons stated above, ARIC respectfully removes this action from the District Court in and for Clark County, Nevada, bearing Case No. A678665, to this Court pursuant to 28 U.S.C. § 1441.

MORRIS LAW GROUP

By: /s/ *Rosa Solis-Rainey*
Rosa Solis-Rainey, Bar No. 7921
Raleigh C. Thompson, Bar No. 11296
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101

Attorney for American Reliable Insurance Company

5

# CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b) and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of MORRIS LAW GROUP, and that the following documents were served via electronic service: **NOTICE OF REMOVAL**

TO:

Zachariah B. Parry, Bar No. 11677
PICKARD PARRY PFAU
10120 South Eastern Avenue, Suite 140
Henderson, Nevada 89052

Attorney for Plaintiff
Robert Morris

Michael R. Brooks, Bar No. 7287
BROOKS BAUER LLP
1645 Village Center Circle, Suite 200
Las Vegas, Nevada 89134

Attorneys for Defendant
Green Tree Servicing, LLC

DATED this 2nd day of December, 2014.

By: /s/ [signature]