**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBERT MORRIS, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> GREEN TREE SERVICING, LLC, a ) <br> Delaware Limited Liability Company; ) <br> AMERICAN RELIABLE INSURANCE ) <br> COMPANY d/b/a ASSURANT, ) <br> ) <br> Defendants. ) | Case No.: 2:14-cv-01998-GMN-CWH <br><br> **ORDER** |

Pending before the Court is the Motion to Dismiss (ECF No. 45) filed by Defendant Green Tree Servicing, LLC ("Green Tree").[1]  Plaintiff Robert Morris ("Plaintiff") filed a Response (ECF No. 49),[2] and Green Tree filed a Reply (ECF No. 51).

**I.    BACKGROUND**

This case arises out of the purchase of force-placed insurance ("FPI") by Defendant Green Tree from Defendant ARIC.  A thorough recitation of the facts can be found in the Court's previous Order (ECF No. 37).

On July 8, 2015, the Court entered an Order (ECF No. 37), which granted in part and denied in part Green Tree's first Motion to Dismiss (ECF No. 16).  Moreover, the Court also granted the Motion to Dismiss (ECF No. 10) filed by Defendant American Reliable Insurance

---

[1] The Court takes judicial notice of Exhibits A and B (ECF No. 45-1) to Green Tree's Motion to Dismiss. *See Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Each of these documents is publicly recorded in the Clark County Recorder's office.

[2] The Court also takes judicial notice of Exhibits 1-3 (ECF No. 49-1–49-3) to Plaintiff's Response. Each of these documents are referenced in the Complaint. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).

Company ("ARIC").[3] In the Order, the Court dismissed the following claims with prejudice: (1) accord and satisfaction; (2) violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*; (3) violation of the Nevada Deceptive Trade Practice Act, NRS 598.0903 *et seq.*; (4) violation of the Nevada Unfair Lending Practices Act, NRS 598D.010 *et seq.*; (5) violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*; and (6) statutory damages. (Order 28:9–12). Moreover, the Court dismissed the following claims without prejudice and with leave to amend: (1) breach of fiduciary duty; (2) accounting of funds; (3) conversion; (4) civil conspiracy; (5) RICO; (6) racketeering; (7) racketeering conspiracy; (8) violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*; (9) wrongful foreclosure; (10) violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*; (11) violation of NRS 107; and (12) violation of NRS 645F. (*Id.* 28:13–17). Finally, the Court denied Green Tree's Motion to Dismiss as to the following claims: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) intentional misrepresentation. (*Id.* 28:19–20).

On July 22, 2015, Plaintiff filed his Second Amended Complaint asserting the following claims: (1) first breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) intentional misrepresentation; (4) second breach of contract; (5) conspiracy to defraud; (6) violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*; (7) violation of NRS 645F; (8) RICO; (9) racketeering; and (10) racketeering conspiracy. (SAC ¶¶ 45–208, ECF No. 38). Shortly thereafter, Green Tree filed the instant Motion to Dismiss. (ECF No. 45).

## II. LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on

---

[3] ARIC was terminated from this case on August 31, 2015. (*See* ECF No. 50).

which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).  "However, material which is properly submitted as part of the complaint may be considered." *Id*.  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the

movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.   DISCUSSION

Green Tree asserts that each cause of action pled by Plaintiff should be partially or fully dismissed for failure to state a claim. Accordingly, the Court will analyze each cause of action in turn.

### A.   Breach of Contract

In his first cause of action, Plaintiff alleges that Green Tree breached the Deed of Trust by failing to apply Plaintiff's mortgage payments to the principal balance of the Loan and by "cancelling Plaintiff's homeowners' insurance and refusing to use Plaintiff's mortgage payments to pay premiums for homeowners' insurance." (SAC ¶¶ 52–53, ECF No. 38). In the previous Order, the Court held that, "inasmuch as Plaintiff's breach of contract claim relies on Plaintiff's allegations that Green Tree breached the Deed of Trust by failing to apply Plaintiff's mortgage payments to the principal balance of the Loan, Plaintiff's claim survives Green Tree's Motion to Dismiss." (Order, 8:5–8, ECF No. 37). However, the Court did not grant Plaintiff to amend this claim. Accordingly, this claim survives solely upon the allegation that Green Tree failed to apply Plaintiff's mortgage payments to the principal balance of the Loan, and the Court hereby strikes the new additions added to this claim in the Second Amended Complaint.

### B.   Breach of the Implied Covenant of Good Faith and Fair Dealing

Like the first cause of action, Plaintiff's second cause of action alleges that Green Tree breached its duty of good faith and fair dealing. (SAC ¶¶ 56–67). Specifically, Plaintiff alleges that Green Tree breached the implied covenant of good faith and fair dealing by (1) "cancelling Plaintiff's homeowners' insurance, failing to pay homeowners insurance premiums on the Property, and thereafter purchasing force-placed insurance and charging Plaintiff for it," (2)

"refusing to apply Plaintiff's mortgage payments to the outstanding principal balance, making fraudulent representations regarding the purchase of force-placed insurance, attempting to extort funds from Plaintiff that were not due and owing, and refusing to comply with the terms of the valid agreement that it voluntarily entered into," (3) "refusing to reinstate Plaintiff's homeowners insurance after they cancelled it," (4) "not disclosing that they had cancelled Plaintiff's homeowners insurance," (4) "purchasing force-placed insurance and receiving a commission from American Reliable when it was Green Tree that made the purchase of insurance necessary," (5) "backdating the force-placed insurance it purchased to cover time periods for which there would have been insurance had they fulfilled the terms of their contract with Plaintiff," and (6) "failing to disgorge (through either credit or refund) payments made with Plaintiff's Monthly Escrow Deposit that were earmarked for homeowners' insurance but not used for homeowners' insurance." (*Id.* ¶¶ 58–63).

Plaintiff amended this claim with new allegations not contained in its First Amended Complaint. However, in the previous Order, the Court did not grant Plaintiff leave to amend this claim. Accordingly, the Court hereby strikes the new additions added to this claim in the Second Amended Complaint.

### C. Intentional Misrepresentation

Plaintiff's third cause of action alleges a claim of intentional misrepresentation against Green Tree. (SAC ¶¶ 68–78). Like Plaintiff's first breach of contract and breach of the implied covenant of good faith and fair dealing claims, the Court did not grant Plaintiff leave to amend his intentional misrepresentation claims. However, Plaintiff's Second Amended Complaint contains allegations related to intentional misrepresentation that were not alleged in his First Amended Complaint. Accordingly, the Court hereby strikes the new additions added to this claim in the Second Amended Complaint.

/ / /

### D. Breach of Contract

Plaintiff's fourth cause of action alleges a second claim of breach of contract. (SAC ¶¶ 79–85). To state a claim for breach of contract in Nevada, the plaintiff must allege: (1) the existence of a valid agreement between the plaintiff and the defendant; (2) a breach by the defendant; and (3) damages as a result of the breach. *Calloway v. City of Reno*, 993 P.2d 1259 (Nev. 2000).

Plaintiff alleges that the parties entered into a valid agreement on September 17. 2012. (SAC ¶¶ 81–82). Moreover, Plaintiff alleges that Green Tree breached this agreement, causing damages. (*Id.* ¶¶ 83–84). Taking these allegations as true and in a light most favorable to Plaintiff, the Court finds that Plaintiff sufficiently alleges a breach of contract claim. While the parties argue over issues related to pre-existing duties under the Deed of Trust and excused performance due to material breach, these issues are not amenable to resolution at the motion to dismiss stage. (*See* Mot. Dismiss 9:3–24; Response 12:10–13:22). Accordingly, the Court denies Green Tree's Motion to Dismiss as to this claim.

### E. Conspiracy to Defraud

Plaintiff's fifth cause of action alleges a claim of conspiracy to defraud against Green Tree. (SAC ¶¶ 86–104). In his Response, Plaintiff did not oppose dismissal of this claim. (Response 19:11–12). Accordingly, the Court dismisses this claim with prejudice.

### F. Violation of the Real Estate Settlement Procedures Act (RESPA)

Plaintiff's sixth cause of action alleges a claim of violation of the Real Estate Settlement Procedures Act ("RESPA") against Green Tree. (SAC ¶¶ 105–12). Specifically, Plaintiff alleges that Green Tree violated the following provisions: (1) "12 U.S.C. § 1205(g) by failing to make payments from the escrow account for insurance premiums in a timely manner as such payments became due;" (2) "12 U.S.C. § 2605(m) by imposing charges related to force-placed insurance that were not bona fide and reasonable;" (3) "12 U.S.C. § 2605(e) by failing to

properly respond to Plaintiff's qualified written request;" (4) "12 U.S.C. § 2607(a), when American Reliable gave and Green Tree accepted a fee, kickback, or thing of value when Green Tree purchased force-placed insurance from American Reliable." (SAC ¶¶ 108–11).

Section 2605(g) provides as follows:

> If the terms of any federally related mortgage loan require the borrower to make payments to the servicer of the loan for deposit into an escrow account for the purpose of assuring payment of taxes, insurance premiums, and other charges with respect to the property, the servicer shall make payments from the escrow account for such taxes, insurance premiums, and other charges in a timely manner as such payments become due.

Accordingly, Plaintiff alleges that Green Tree violated this section "by failing to make payments from the escrow account for insurance premiums in a timely manner as such payments became due." (SAC ¶ 108). However, the Court already dismissed similar allegations in its previous Order. (Order 6:24–7:3 ("Because Plaintiff did not maintain homeowners' insurance on November 1, 2011, when Green Tree became the servicer of the mortgage, there was no insurance premium that Green Tree could have made payments towards pursuant to Section 3 of the Deed of Trust. Therefore, the allegations of the Amended Complaint demonstrate that Green Tree could not have breached the Deed of Trust by failing to pay homeowners' insurance premiums.")). Therefore, the Court dismisses this claim with prejudice inasmuch as it pertains to section 2605(g).

As to section 2605(m), Plaintiff does not dispute dismissal of this claim as to section 2605(m). (Response 14:14–16). Accordingly, the Court also dismisses this claim with prejudice inasmuch as it pertains to section 2605(m).

Section 2605(e) governs the "[d]uty of [a] loan servicer to respond to borrower inquiries." 12 U.S.C. § 2605(e). Generally, "[i]f any servicer of a federally related mortgage loan receives a qualified written request … for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence

within 5 days … unless the action requested is taken within such period." § 2605(e)(1)(A).  A "qualified written request" is:

> a written correspondence … that … includes, or otherwise enables the servicer to identify, the name and account of the borrower; and … includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

§ 2605(e)(1)(B), (B)(i)–(ii).

Plaintiff offers scant allegations to support his RESPA claim under section 2605(e).  Specifically, Plaintiff merely alleges that "Green Tree violated RESPA, 12 U.S.C. § 2605(e) by failing to properly respond to Plaintiff's qualified written request." (SAC ¶ 110).  Apart from this conclusory allegation, Plaintiff alleges no more facts demonstrating that he is entitled to relief under this section.  Accordingly, the Court dismisses this claim with prejudice inasmuch as it pertains to section 2605(e).

Section 2607(a) provides that "[n]o person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person."  However, "[s]ettlement service means any service provided in connection with a prospective or actual settlement[.]" 24 C.F.R. § 3500.2.  Moreover, settlement means "the process of executing legally binding documents regarding a lien on property that is subject to a federally related mortgage loan.  This process may also be called 'closing' or 'escrow' in different jurisdictions." *Id.*  Green Tree's placement of hazard insurance was performed years after Plaintiff closed on his home.  RESPA "does not focus on post-settlement fees paid by mortgagors after they have purchased their houses." *Bloom v. Martin*, 77 F.3d 318, 321 (9th Cir. 1996); *Molosky v. Washington Mut., Inc.*, 664 F.3d 109, 118 (6th Cir. 2011) (Section 2607 "does not apply to fees assessed after a property's settlement").

Accordingly, because Plaintiff has had multiple attempts to sufficiently allege this claim, the Court dismisses Plaintiff's RESPA claim in its entirety with prejudice.

### G. Violation of NRS 645F

Plaintiff's seventh cause of action alleges violations of NRS 645F against Green Tree. (SAC ¶¶ 113–18). Specifically, Plaintiff alleges that Green Tree "violated Nevada's statute regarding mortgage lenders and servicers by charging for fees outside the scope of the Contract, in violation of NRS 645F.400(1)(a)–(b)," "violated Nevada's statute regarding mortgage lenders and servicers by receiving consideration from a third party in connection with a covered service provided to Plaintiff that was not fully disclosed to the homeowner, in violation of NRS 645F.400(1)(d)," and "violated Nevada's statute regarding mortgage lenders and servicers by misrepresenting aspects of covered service, in violation of NRS 645F.400(1)(g)." (*Id.* ¶¶ 115–17). NRS 645F.380 provides that the provisions of NRS 645F.300 to 645F.450 do not apply to:

> Any person doing business under the laws of this State or of the United States relating to banks, trust companies, savings and loan associations, industrial loan and thrift companies, regulated lenders, credit unions, insurance companies, or a mortgagee which is a United States Department of Housing and Urban Development approved mortgagee and any subsidiary or affiliate of those persons, and any agent or employee of those persons while engaged in the business of those persons.

Because Green Tree falls under this exception, NRS 645F.400 does not apply to Green Tree. Accordingly, the Court dismisses Plaintiff's claim for violations of NRS 645F with prejudice.

### H. RICO

Plaintiff's eighth cause of action alleges a claim of civil RICO against Green Tree predicated on mail fraud, wire fraud, and extortion. (SAC ¶¶ 119–46). "To state a civil RICO claim, plaintiffs must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiffs' 'business or property.'" *Ove v. Gwinn*, 264 F.3d 817, 825 (9th Cir. 2001) (citing 18 U.S.C. § 1964(c)). In the previous Order, the Court

held that "Plaintiff may not continue to rely on backdating or kickback theories to support the predicate acts of mail or wire fraud." (Order 21:18–19).  Here, Plaintiff continues to rely upon a kickback theory to support the predicate acts of mail or wire fraud.  Although Plaintiff additionally pleads allegations that Green Tree cancelled Plaintiff's insurance policy upon acquisition of the Loan, the Court finds that these additional allegations do not support a RICO claim.  Accordingly, because Plaintiff has had multiple attempts to sufficiently allege this claim, the Court dismisses Plaintiff's RICO claim with prejudice.

## I.       Racketeering

Plaintiff's ninth cause of action alleges a racketeering claim under state law against Green Tree. (SAC ¶¶ 147–87).  Specifically, Plaintiff predicates his racketeering claim on the predicate acts of fraud, grand larceny, and embezzlement. (*Id.* ¶¶ 150–87).

As to the predicate act of fraud, Plaintiff bases this claim on the same kickback theory the Court held was insufficient to support his RICO claim based on fraud.  Accordingly, the Court finds that Plaintiff's allegations related to the predicate act of fraud to support his racketeering claim fails.

As to the predicate act of grand larceny, Plaintiff alleges that Green Tree "intentionally stole, took and carried away, led away, or drove away personal goods and/or property at $650 or more, including $5,640.01 intended to settle the matter, and years' worth of escrow payments intended for homeowners insurance." (*Id.* ¶ 169).  These meager allegations are conclusory at best and fail to support a grand larceny claim.

As to the predicate act of embezzlement, Plaintiff alleges that Green Tree was "entrusted with Plaintiff's property," "converted said property to their own use with the intent to steal it or to defraud Plaintiff thereof," and "appropriated said property for a use other than that for which it was entrusted." (*Id.* ¶¶ 171–73).  These allegations appear to be predicated upon the same kickback theory that this Court has rejected.  Therefore, Plaintiff has failed to sufficiently

allege a racketeering claim. Accordingly, because Plaintiff has had multiple attempts to sufficiently allege this claim, the Court dismisses this claim with prejudice.

### J. Racketeering Conspiracy

Plaintiff's tenth cause of action alleges a claim of racketeering conspiracy against Green Tree. (SAC ¶¶ 188–208). In his Response, Plaintiff did not oppose dismissal of this claim. (Response 19:11–12). Accordingly, the Court dismisses this claim with prejudice.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Green Tree's Motion to Dismiss (ECF No. 45) is **GRANTED in part** and **DENIED in part**. The following claims are dismissed with prejudice: (1) conspiracy to defraud; (2) violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*; (3) violation of NRS 645F; (4) RICO; (5) racketeering; and (6) racketeering conspiracy. Moreover, because the Court did not grant Plaintiff leave to amend the following claims, new allegations not contained in the First Amended Complaint but contained in the Second Amended Complaint are hereby stricken as to the following claims: (1) first breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) intentional misrepresentation. Furthermore, Defendant Green Tree's Motion to Dismiss is denied with respect to the second breach of contract claim. Accordingly, the following claims remain: (1) first breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) intentional misrepresentation; and (4) second breach of contract.

**DATED** this __24__ day of November, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge